IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GRAMERCY INSURANCE COMPANY<br>5000 Quorum Drive, Suite 111<br>Dallas, TX 75254 | :<br>:<br>: | Civil Action No. |
| Plaintiff, | : | Judge |
| v. | : | |
| EXPEDITOR'S EXPRESS, INC.<br>P.O. Box 79<br>Madison, TN 37116 | :<br>:<br>: | |
| and | : | |
| JOHN TULLIS<br>616 Kinsey Blvd.<br>Madison, TN 37115 | :<br>:<br>: | |
| and | : | |
| WILLIAM LITTLEFIELD<br>dba LITTLEFIELD BROTHERS,<br>a sole proprietorship<br>242 West Main Street, #387<br>Hendersonville, TN 37075 | :<br>:<br>:<br>:<br>: | |
| and | : | |
| SHIRLEY A. BROWN, Administrator<br>of Estate of Donald D. Underwood<br>169 N. Imperial Drive<br>Denison, TX 75020 | :<br>:<br>:<br>: | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, Gramercy Insurance Company ("Gramercy"), by and through counsel, and for its Complaint for Declaratory Judgment, states as follows:

## PARTIES

1. Plaintiff, Gramercy, is an insurance company incorporated in a state other than Tennessee with a principal place of business at 5000 Quorum Drive, Suite 1100, Dallas, Texas 75254. Gramercy is duly licensed to do business and write insurance in the State of Tennessee, including commercial automobile insurance policies.

2. Defendant, Expeditor's Express, Inc., at all times relevant, was an active, for-profit Tennessee corporation with its principal place of business in Davidson County, Tennessee and operating as an interstate motor carrier pursuant to authority granted by the United States Department of Transportation. At the time of the accident of August 5, 2010, which is the subject of this litigation, Expeditor's Express, Inc., was the lessee of the 1997 Volvo truck tractor being operated by Donald D. Underwood in connection with its business as an interstate motor carrier.

3. Defendant, John Tullis, is a citizen and resident of Madison, Davidson County, Tennessee and is or was the owner and an officer of Defendant, Expeditor's Express, Inc.

4. Defendant, William Littlefield dba Littlefield Brothers ("Littlefield"), a sole proprietorship, is a citizen and resident of Hendersonville, Sumner County, Tennessee and was the owner of the subject 1997 Volvo truck tractor that he leased to Defendant, Expeditor's Express, Inc.

5. Defendant, Shirley A. Brown, is the legally appointed Administrator of the Estate of Donald D. Underwood. Mr. Underwood was a citizen and resident of Antioch, Davidson County, Tennessee at the time of his death and prior thereto. Donald D.

Underwood, deceased, at all times relevant, was employed by Defendants, William Littlefield dba Littlefield Brothers and Expeditor's Express, Inc., as a licensed commercial motor carrier driver.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §1332 because the amount of controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff Gramercy and all named Defendants. Moreover, Plaintiff Gramercy seeks declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §2201. As such, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and venue is proper pursuant to 28 U.S.C. § 1391 in that one or more of the Defendants reside in Davidson County, Tennessee.

## STATEMENT OF RELEVANT FACTS

7. In early August 2010, Donald D. Underwood became employed by Defendant Littlefield as a commercially licensed driver.

8. On August 5, 2010, Mr. Underwood was operating a 1997 Volvo truck tractor owned by Defendant Littlefield and leased to Defendant Expeditor's Express, Inc. in connection with Expeditor's Express, Inc.'s business as a federally-authorized interstate motor carrier. Upon information and belief, Mr. Underwood was transporting magazines in interstate commerce to a consignee in Atlanta, Georgia.

9. During the course of his trip, Mr. Underwood was involved in a one-vehicle accident which occurred on Interstate 24 in Marion County, Tennessee wherein he lost

control of the 1997 Volvo truck tractor which he was operating, causing the vehicle to collide with a guardrail, cross over the guardrail and overturn into a ravine. The vehicle Mr. Underwood was operating caught fire and Mr. Underwood perished in the fire.

10. At the time of the aforementioned accident, Mr. Underwood was in the course and scope of his employment with Defendants Littlefield and Expeditor's Express, Inc.

11. Following the aforementioned accident, claims have been presented by Defendant Shirley A. Brown as Administrator of the Estate of decedent Donald D. Underwood against, *inter alia*, Defendants Littlefield, Expeditor's Express, Inc., and Tullis. Those claims are the subject of a complaint filed by Defendant Brown in the Circuit Court of Marion County, Tennessee, Case No. 19524, styled *Shirley A. Brown v. Monteagle Truck & Tire, Inc., et al.* ("Brown state court action").

12. Defendants Littlefield, Expeditor's Express, Inc. and/or Tullis have asserted or may assert that Plaintiff Gramercy is obligated to defend and/or indemnify them for the claims made against them on behalf of decedent Underwood's estate in the Brown state court action. Plaintiff Gramercy is currently providing a defense for those Defendants under a complete reservation of rights.

13. At all times relevant herein, there was in force and effect a commercial automobile insurance policy ("the Policy"), being Policy No. GIC41-1921-000127, issued by Plaintiff Gramercy to Defendant Expeditor's Express, Inc. with an effective policy period of November 22, 2009 to November 22, 2010. A certified copy of the Policy is attached hereto and marked as Exhibit A.

4

14. The Policy was issued to Defendant Expeditor's Express, Inc. in order that Expeditor's Express, Inc. would be in compliance with all federal and state motor carrier insurance regulations.

15. The 1997 Volvo tractor involved in the subject accident was added to the Gramercy Policy as a specifically described "auto" by Endorsement No. 9, effective May 24, 2010.

16. The Policy, under Section 2 - Liability Coverage, contains the following relevant provisions and exclusions:

**SECTION II - LIABILITY COVERAGE**

**A. COVERAGE**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> \* \* \*

(Policy, pg. 2).

**B. EXCLUSIONS**

> This insurance does not apply to any of the following:
>
> \* \* \*
>
> **4. Employee Indemnification And Employer's Liability**
>
> "Bodily injury" to:
>
> a.  An "employee" of the "insured" arising out of and in the course of:
>
> (1) Employment by the "insured"; or
> (2) Performing the duties related to the conduct of the "insured's" business; or

5

*   *   *
>      This exclusion applies:

>>     (1)    Whether the "insured" may be liable as an employer
>>            or in any other capacity.

(Policy, pg. 4)

**SECTION VI - DEFINITIONS**

>      A.     "Accident" includes continuous or repeated exposure to the
>             same conditions resulting in "bodily injury" or "property
>             damage".
>                                    *   *   *

>      F.     "Employee" includes a "leased worker". "Employee" does
>             not include a "temporary worker,"

>      G.     "Insured" means any person or organization qualifying as an
>             insured in the Who Is An Insured provision of the applicable
>             coverage. Except with respect to the Limit of Insurance, the
>             coverage afforded applies separately to each insured who is
>             seeking coverage or against whom a claim or "suit" is
>             brought.
>                                    *   *   *

>      I.     "Leased Worker" means a person leased to you by a labor
>             leasing firm under an agreement between you and the labor
>             leasing firm, to perform duties related to the conduct of your
>             business. "Leased worker" does not include a "temporary
>             worker",
>                                    *   *   *
>      Q.     "Trucker" means any person or organization engaged in the
>             business of transporting property by "auto" for hire.
>                                    *   *   *

(Policy, pgs. 12-14).

   17.   The Policy also contains an MCS-90 Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980. This endorsement states, in pertinent part, as follows:

                                          6

> . . .such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment. . .

## FIRST CAUSE OF ACTION
### (Declaration of Rights)

18. Plaintiff Gramercy incorporates Paragraphs 1 through 17 as though fully rewritten herein.

19. Pursuant to the above terms and exclusions of the Policy and the MCS-90 Endorsement, and pursuant to the Federal Motor Carrier regulations found in 49 CFR 390.5 and 49 U.S.C. §31132, Plaintiff Gramercy has no obligation to defend or indemnify Defendants Littlefield, Expeditor's Express, Inc. or Tullis with respect to the claims brought against them on behalf of the Estate of Donald D. Underwood in the Brown state court action.

20. Plaintiff Gramercy is entitled to a declaration that it owes no coverage and that it has no duty to defend any claims made and/or damages sought against Defendants Littlefield, Expeditor's Express, Inc. and Tullis by the Estate of Donald D. Underwood in the Brown state court action.

WHEREFORE, Plaintiff Gramercy prays that this Court determine the rights, status and legal relations of the parties hereto, and declare that:

1. Plaintiff Gramercy does not have a duty to defend any claim brought on behalf of the Estate of Donald D. Underwood against Defendants Littlefield, Expeditor's Express, Inc. and Tullis in the Brown state court action;
2. Plaintiff Gramercy has no obligation to indemnify Defendants Littlefield, Expeditor's Express, Inc. or Tullis relative to any claim asserted against them on behalf of the Estate of Donald D. Underwood in the Brown state court action;

3. Plaintiff Gramercy is entitled to such other relief as this Court deems just and proper.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC

By: _____
STEVEN W. KEYT (009200)
801 Broad Street
Third Floor, Pioneer Bldg.
Chattanooga, TN 37402
(423) 265-0214   (423) 267-6625 (fax)
steven.keyt@leitnerfirm.com
*Attorney for Plaintiff Gramercy Insurance Company*

8