IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

GRAMERCY INSURANCE COMPANY :
5000 Quorum Drive, Suite 111
Dallas, TX 75254 : Civil Action No. 3:12-CV-509

                  Plaintiff, : Judge Haynes

v. :

EXPEDITOR'S EXPRESS, INC. :
P.O. Box 79
Madison, TN 37116 :

and :

JOHN TULLIS :
616 Kinsey Blvd.
Madison, TN 37115 :

and :

WILLIAM LITTLEFIELD :
dba LITTLEFIELD BROTHERS,
a sole proprietorship :
242 West Main Street, #387
Hendersonville, TN 37075 :

and :

SHIRLEY A. BROWN, Administrator :
of Estate of Donald D. Underwood
169 N. Imperial Drive :
Denison, TX 75020
                   :
              Defendants.

## **AMENDED ORDER**

This matter was before the Court on July 16, 2012 for an initial case management conference. The Plaintiff, Gramercy Insurance Company, was represented by Attorney Steven W. Keyt. The Defendant, Shirley A. Brown, was represented by Attorney Grace E. Daniell. The Defendant, John Tullis, appeared *pro se*.

The Court discussed with the parties whether there was a fact issue which would be determinative of this declaratory judgment action and which would be decided in the State Court

1

tort action brought by Ms. Shirley A. Brown. Counsel for the Plaintiff advised there was no fact issue because the decedent, Donald D. Underwood, was an employee of Gramercy's insured, Expeditor's Express, Inc., as a matter of law. Counsel for Ms. Brown indicated there was a fact issue concerning Mr. Underwood's status at the time of the accident which might be decided in the State Court tort action.

The Court directed counsel to exchange authorities and discuss the matter. If they reached an agreement that there was no factual issue which would be decided in the State Court tort action, they were to advise the Court and suggest a briefing schedule. If they did not agree, they were directed to file, for the Court's consideration, an order setting forth their respective positions. The parties have submitted this Order setting forth their positions concerning the existence of a fact issue with regard to the employee status of Mr. Underwood at the time of the accident and whether it will be decided in the State Court tort action.

I. POSITION OF PLAINTIFF, GRAMERCY INSURANCE COMPANY

It is the position of Gramercy Insurance Company the decedent, Donald D. Underwood, was an employee of Expeditor's Express, Inc. at the time of the accident and, accordingly, the policy provides no coverage for claims arising out of injuries sustained by Mr. Underwood or his death. It is the Plaintiff's position the following points are undisputed:

1. Motor carriers operating in interstate commerce must have minimum levels of financial responsibility in the form of a surety bond, certificate of insurance or other securities. 49 U.S.C. § 13906 and 49 C.F.R. Part 387. Policies of insurance issued to satisfy the financial responsibility requirement must have "Endorsement (s) for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980" (Form MCS-90). 49 C.F.R. § 387.7(d). The required MCS-90 endorsement is set out in Illustration 1 to 49 C.F.R. § 387.15.

2

2. The commercial automobile policy issued by Gramercy Insurance Company to Expeditor's Express, Inc. (policy number GIC41-1921-00127) includes trucker's declarations. The terms of the policy are set forth in a trucker's coverage form. The policy includes the "Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Section 29 and 30 of the Motor Carrier Act of 1980" or Form MCS-90. *Notice of Filing Certified Copy of Gramercy Insurance Company Policy [Doc. 10].*

Form MCS-90 contains the following statement:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration.

Form MCS-90, page 1.

3. The term "employee" with regard to the operator of a commercial motor vehicle in interstate commerce is defined by statute and regulation.

> (2) "employee" means an operator of a commercial motor vehicle (including an independent contractor when operating a commercial motor vehicle), a mechanic, a freight handler, or an individual not an employer, who –
> (A) directly affects commercial motor vehicle safety in the course of employment; and
> (B) is not an employee of the United States Government, a State or a political subdivision of a State acting in the course of the employment by the Government, a State, or a political subdivision of a State.
>
> **49 U.S.C. § 31132**
>
> **Employee** means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such terms include a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a contract between States and approved

by the Congress of the United States who is acting within the course of such employment.

**49 C.F.R. § 390.5**

4. Donald D. Underwood was operating a 1997 Volvo tractor-trailer on August 5, 2010 in interstate commerce when he was involved in a single-vehicle accident which claimed his life. Gramercy Insurance Company alleged in paragraph 8 of its Complaint for Declaratory Judgment

> 8. On August 5, 2010, Mr. Underwood was operating a 1997 Volvo truck tractor owned by Defendant Littlefield and leased to Defendant Expeditor's Express, Inc. in connection with Expeditor's Express, Inc.'s business as a federally-authorized interstate motor carrier. Upon information and belief, Mr. Underwood was transporting magazines in interstate commerce to a consignee in Atlanta, Georgia.

*Complaint for Declaratory Judgment [Doc. 1], page 3 paragraph 8.*

The Defendant, Ms. Shirley Brown, answered the Complaint for Declaratory Judgment, indicating she did not dispute the allegations contained in the above cited paragraph. *Answer of Defendant Shirley A. Brown [Doc. 8], page 2 paragraph 8.*

5. Donald D. Underwood was an "employee" pursuant to 49 U.S.C. § 31132 and pursuant to 49 C.F.R. § 390.5.

6. The Gramercy Insurance Company policy does not provide coverage for bodily injury to an "employee." The Truckers Coverage Form contains an exclusion for bodily injury to an "employee."

### B. Exclusions

> This insurance does not apply to any of the following:
>
> . . .
>
> **4. Employee Indemnification And Employer's Liability**
>
> "Bodily injury" to:

4

        a. An "employee" of the "insured" arising out of and in the course of:

        (1) Employment by the "insured;" or
        (2) Performing the duties related to the conduct of the "insured's" business; or

. . .

*Notice of Filing Certified Copy of Gramercy Insurance Company Policy [Doc. 10], Truckers Coverage Form, page 4.*

The endorsement for motor carrier policies of insurance for public liability under Section 29 and 30 of the Motor Carrier Act of 1980 (Form MCS-90) to the Gramercy Insurance Company policy also excludes coverage for injury to or death of "employees."

. . .

> Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

. . .

*Notice of Filing Certified Copy of Gramercy Insurance Company Policy [Doc. 10], Endorsement for Motor Carrier Policies of Insurance for Public Liability under Section 29 and 30 of the Motor Carrier Act of 1980 (Form MCS-90).*

The Gramercy Insurance policy does not provide coverage for bodily injury to or death of employees.

    7. The determination the decedent, Donald D. Underwood, was an "employee" is dispositive of the present declaratory judgment action. Donald D. Underwood was an "employee" as a matter of law in that he was operating the 1997 Volvo tractor owned by Defendant Littlefield and leased to Defendant Expeditor's Express, Inc. in connection with Expeditor's Express, Inc.'s business as a federally-authorized interstate motor carrier and in interstate commerce. The Gramercy Insurance Company Truckers Coverage Form excludes coverage for bodily injury to an "employee."

5

Case 3:12-cv-00509   Document 15   Filed 07/31/12   Page 5 of 12 PageID #: 176

8. It is unlikely the issue will be resolved in the State Court tort action filed by Ms. Shirley Brown as Administrator of the Estate of Donald D. Underwood. Coverage is not at issue in that litigation. The Plaintiff's theories of liability in the tort action are not premised on Mr. Underwood's status as an "employee." *Complaint in the case of Shirley A. Brown, Administrator of the Estate of Donald D. Underwood v. Monteagle Truck and Tire, Inc., et al., Exhibit 1 hereto.* No defense has been asserted by Expeditor's Express, Inc. based upon the status of Donald D. Underwood as an "employee." *Answer of Expeditor's Express, Inc. in the case of Shirley A. Brown, Administrator of the Estate of Donald D. Underwood v. Monteagle Truck and Tire, Inc., et al., Exhibit 2 hereto.*

9. The position of Gramercy Insurance Company in this declaratory judgment action has been considered and adopted by other Courts.

A case directly on point is *Consumers County Mutual Insurance Co. v. P.W. & Sons Trucking, Inc., 307 F.3d 362 (5th Cir. 2002).* P.W. & Sons Trucking, Inc. was a small trucking company insured by a commercial auto insurance policy issued by Consumers County Mutual Insurance Co. P.W. & Sons Trucking, Inc. hired two drivers, Paillet and Bob, on a "load-by-load basis." Paillet and Bob delivered four loads without incident but were involved in a one-vehicle accident on a return trip from Texas. Bob was driving the tractor-trailer and Paillet was asleep in the truck's sleeper birth. Bob died at the scene and Paillet sustained serious injuries. Paillet filed suit against P.W. & Sons Trucking. Thereafter, Consumers filed a declaratory judgment action based on the policy's exclusions relating to liability for injuries to employees. Consumers argued only that, because Paillet was an "employee" of P.W. & Sons Trucking, his injuries were excluded from coverage by one of the policy's employee exclusions. Consumers filed a Motion for Summary Judgment which was sustained by the District Court because Paillet was a "statutory employee" of P.W. & Sons and in reliance upon 49 C.F.R. § 390.5 of the Department of Transportation Regulations.

6

The United States Court of Appeals noted the policy at issue was a public-liability policy designed specifically for use by motor carriers in the interstate trucking industry. Federal law requires motor carriers to have public-liability insurance in order to obtain an operating permit. There was no question P.W. & Sons Trucking's policy was drafted to comply with the federal insurance requirements. Accordingly, those requirements must govern the interpretation of the policy's terms. 49 C.F.R. § 390.5 was enacted pursuant to authority granted by the Motor Carrier Safety Act and is central to the regulatory scheme. Section 390.5 eliminates the common law employee/independent contractor distinction which serves to discourage motor carriers from using the independent contractor relationship to avoid liability exposure at the expense of the public. The Court of Appeals found it reasonable to conclude the parties intended Section 390.5 to supply the definition of the term employee in the policy.

The United States Court of Appeals noted a contrary construction would lead to an unacceptable result. In a case involving a collision between a negligent driver of a commercial motor vehicle and an innocent third party, the driver would be considered an employee for purposes of coverage for a third party's injuries. However, the driver would be an independent contractor to determine whether the employee exclusions preclude coverage for the driver's injuries. Absent some indication in the policy, the Court of Appeals would not assume the parties intended such a result. The United States Court of Appeals affirmed the District Court's grant of summary judgment for Consumers County Mutual Insurance Co.

> In sum, we conclude that the district court properly relied on § 390.5 to determine that Paillet was an employee of PWS for purposes of the policy's employee exclusions. Because Paillet is an employee under § 390.5 regardless of whether he would have been considered an employee or an independent contractor at common law, the policy's employee exclusions apply to preclude coverage in this case. Therefore, the district court's grant of summary judgment to Consumers is AFFIRMED.

*Consumers County Mutual Insurance Co. v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362, 367 (5th Cir. 2002).

The United States District Court in *Barabash v. Love's Travel Stops & Country Stores, et al. 2011 WL 4381730 (E.D.La.)*, copy attached hereto, reached the same result based upon the same reasoning. Petro Barabash was driving a tractor-trailer owned by Sherman & Son Transportation Corp. when he was involved in an accident on his way back to New Jersey. The left front tire failed suddenly and the truck traveled into the median between the east and westbound lanes, striking several trees. Mr. Barabash was injured in the accident. Sherman & Son Transportation Corp. had an insurance policy issued by Zurich American Insurance Company. Zurich American had issued a truckers liability policy which excluded from coverage bodily injury to an "employee" of the insured arising out of the employment. *Id., at page 2.* Zurich American moved for summary judgment on that basis. The Court sustained the Motion for Summary Judgment.

> Zurich American contends that the **employee** exclusions contained in the policy it issued to S & S apply to preclude coverage for Barabash's claims here. Zurich American points out that the policy it issued is a public-liability policy designed for use by motor carriers in the interstate trucking industry to comply with federal insurance requirements under the Motor Carrier Safety Act of 1984, 49 U.S.C. § 13906; 49 C.F.R. § 387.1, et seq.
>
> Zurich American contends that Barabash is a statutory employee of S & S under § 390.5 of the Department of Transportation regulations, regardless of whether he is considered an employee or an independent contractor at common law or under Louisiana law. The Court agrees.
>
> The Motor Carrier Safety Act and its related regulations govern the meaning of terms under insurance policies designed to comply with federal requirements for motor carriers. *Consumers County Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362, 366 (5th Cir. 2002), 49 C.F.R. § 390.5, defines "employee" as:
>
> . . .

*Id. at page 5.*

Similar holdings are found in the cases of *Canal Insurance v. A & R Transportation and Warehouse, LLC,* 827 N.E.2d 942 (Ill.App.2005) wherein the Court found the driver was a "statutory employee" of the trucking company based upon 49 C.F.R. § 390.5, and *United*

8

*Financial Casualty Company v. Abe Hershberger & Sons Trucking, Ltd.*, 2012 WL 457715 *(Ohio App.)* (copy attached) holding a driver riding in the passenger seat for the purposes of training another driver was a "statutory employee" based upon the definition of "employee" contained in 49 U.S.C. § 31132(2) and 49 C.F.R. § 390.5.

## CONCLUSION

Gramercy Insurance Company respectfully submits the status of Donald D. Underwood as an employee of Expeditor's Express, Inc. is dispositive of this declaratory judgment action. The Gramercy Insurance policy specifically excludes coverage for bodily injury to an employee. The policy was provided to Expeditor's Express, Inc. to satisfy the financial responsibility requirement for motor carriers operating in interstate commerce contained in 49 U.S.C. § 13906 and 49 C.F.R. Part 387. At the time of the accident which claimed his life, Mr. Underwood was operating a 1997 Volvo tractor owned by Littlefield and leased to Expeditor's Express, Inc. in connection with Expeditor's Express, Inc.'s business as a federally-authorized interstate motor carrier and in interstate commerce. Mr. Underwood was an "employee" of Expeditor's Express, Inc. at the time of the accident and pursuant to 49 U.S.C. § 31132 and 49 C.F.R. § 390.5. There is no factual issue to decide.

It is unlikely the State Court tort action will resolve whether Mr. Underwood was an employee or independent contractor pursuant to Tennessee common law. No cause of action pled by the Plaintiff and no defense raised by the Defendants requires resolution of that issue. Even if Mr. Underwood's status as an employee or independent contractor pursuant to Tennessee common law were decided, it would be irrelevant to disposition of the declaratory judgment action since the definition of "employee" used in the Truckers Coverage Form of the Gramercy Insurance policy and the Form MCS-90 endorsement are set forth at 49 U.S.C. § 31132 and 49 C.F.R. § 390.5.

## II. POSITION OF DEFENDANT, SHIRLEY A. BROWN

Defendant, Shirley A. Brown, disagrees with Plaintiff's contention that it is a matter of law as to whether Mr. Underwood was an "employee" of Defendant, Expeditor's Express, and therefore excluded from coverage under the Gramercy policy of insurance. Defendant submits that there are factual issues as to Mr. Underwood's relationship with Defendant, Expeditor's Express, which are at issue in the underlying state court action and may be determinative of the declaratory judgment action pending before this Court.

Defendant, John Tullis, stated to this Court at the case management conference that Mr. Underwood was not an employee of Expeditor's Express. In addition, Defendant believes that it will be shown in the underlying tort action that Expeditor's Express did not consider Mr. Underwood to be an employee and did not provide Worker's Compensation coverage for Mr. Underwood. Therefore, Plaintiff is estopped from claiming that Mr. Underwood was an employee of Defendant, Expeditor's Express, and excluded from coverage under its policy in this action.

In addition, the MCS-90 endorsement to the Gramercy policy which is relied upon by Plaintiff to allegedly exclude coverage to Mr. Underwood is not triggered in this case since the underlying policy provides more than the minimum required coverage under the Federal Motor Carrier Safety Act for this accident. Even if the policy had failed in this regard and the MCS-90 endorsement was applicable, the Sixth Circuit Court of Appeals has rejected the holding from other Circuits that the driver of a leased vehicle is not an intended beneficiary of the Act. The Sixth Circuit has held that drivers of leased trucks are included among the members of the public to whom protection is afforded under the Act. **See Johnson v. S.O.S. Transport, Inc.**, 926 F.2d 516 (6th Cir. 1991).

The Court will consider the positions of the parties set forth above. An Order will be entered directing the parties concerning further proceedings in this declaratory judgment action.

It is so ORDERED.

*The parties have 30 days to file a motion for judgment on the pleadings with responses due 20 days thereafter.*

ENTERED this the 17th day of October, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge

**APPROVED FOR ENTRY:**

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: s/Steven W. Keyt
    **STEVEN W. KEYT (009200)**
    *Attorneys for Plaintiff Gramercy Insurance Company*
    801 Broad Street, Third Floor
    Chattanooga, TN 37402
    Phone: (423) 265-0214
    Fax: (423) 267-6625
    Email: steven.keyt@leitnerfirm.com


By: s/Grace E. Daniell
    **GRACE E. DANIELL (12045)**
    *Attorneys for Defendant, Shirley A. Brown, Administrator*
    *of the Estate of Donald D. Underwood*
    620 Lindsay Street, Suite 210
    Chattanooga, TN 37403
    Phone: (423) 266-3179
    Fax: (423) 634-8991
    Email: gedaniell@gracedaniell.com