IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GRAMERCY INSURANCE COMPANY, )
)
Plaintiff, )
)
v. ) No. 3:12-cv-509
) Chief Judge Haynes
EXPEDITOR'S EXPRESS, INC., et. al., )
)
Defendants. )
)

## MEMORANDUM

Plaintiff, Gramercy Insurance Company, a Texas corporation, filed this action under 28 U.S.C. § 1332, the federal diversity jurisdiction statute against the Defendants: Expeditor's Express Inc., a Tennessee corporation, John Tullis, William Littlefield d/b/a Littlefield Brothers and Shirley A. Brown, Tennessee citizens. Plaintiff seeks a declaratory judgment that its trucker's policy issued to Defendant Expeditor's Express, Inc. does not provide liability coverage for claims asserted for Donald D. Underwood's August 5, 2010 death. After an entry of a stay, the Court granted the Plaintiff's unopposed motion for a declaratory judgment. (Docket Entry No. 32).

In earlier proceedings, Plaintiff filed its motion for judgment on the pleadings (Docket Entry No. 20). On November 19, 2012, Defendant Brown filed a response in opposition to Plaintiff's motion. (Docket Entry No. 22). On November 21, 2012, Plaintiff filed a motion for leave to file reply memorandum. (Docket Entry No. 23). On November 26, 2012, the Court entered an order granting Plaintiff's motion to file a reply memorandum. (Docket Entry No. 24). The next day, November 27, 2013, Plaintiff filed a reply to Defendant Brown's response to Plaintiff's motion for judgment on the pleadings. (Docket Entry No. 25). On December 10, 2012, Plaintiff filed a notice

of agreed order by the District Court of Travis County, Texas appointing a rehabilitator and issuing a permanent injunction citing a prior order staying all actions involving Plaintiff or its property. (Docket Entry No. 26). Subsequently, on March 20, 2013, the Court entered an Order administratively closing this action and denied Plaintiff's motion for judgment without prejudice as moot. (Docket Entry No. 27). The Order stated that this action may be reopened upon motion of any party. Id.

On March 21, 2013, Plaintiff filed a motion to reopen case consistent with Court's Order (Docket Entry No. 28). On April 2, 2013, the Court entered an Order granting the Plaintiff's Motion stating that "Plaintiff may renew its motion for judgment on the pleadings." (Docket Entry No. 29). On April 5, 2013, Plaintiff filed its motion for judgment on the pleadings and supporting memorandum. (Docket Entry Nos. 30 and 31). Although Defendant Brown filed a response to the earlier motion, Defendant Brown did not renew her earlier response. On July 1, 2013, the Court entered an Order granting Plaintiff's motion for judgment on the pleadings (Docket Entry No. 32). The Court concluded that because under Local Rule 7.01(b), none of the Defendants filed a response in opposition to Plaintiff's motion, the Court could construe the Defendants' silence as not opposing Plaintiff's motion for judgment on the pleadings.

Before the Court is Defendant Shirley A. Brown's motion to alter or amend the judgment and for relief from the judgment (Docket Entry No. 34). In her motion, Defendant Brown contends, in sum, the Court erred in granting Plaintiff's motion for judgment on the pleadings (Docket Entry No. 32) citing her earlier opposition to Plaintiff's earlier motion for judgment on the pleadings. The Court is at a loss to understand why, after Plaintiff's counsel filed its motion, this Defendant's counsel did not file a response that could have simply incorporated by reference her earlier response.

2

In any event, the Court concludes that Defendant Brown's motion to alter or amend the judgment and for relief from the judgment (Docket Entry No. 34) should be granted given her counsel's failure to renew his response. Thus, the Court addresses the merits of Plaintiff's motion for judgment on the pleadings (Docket Entry No. 30).

In essence, Plaintiff contends that the trucker's policy issued by Plaintiff to Defendant Expeditor's Express does not provide liability coverage for claims concerning Donald Underwood's death because Mr. Underwood was an employee of Expeditor Express at the time of the accident. This trucker's policy issued by Plaintiff does not provide coverage for bodily injury to an "employee". In response, Defendant Brown contends, in sum, that Plaintiff has not conclusively established that Mr. Underwood is Defendant Expeditor's Express's "employee" and the Sixth Circuit rejects the position that the drivers of a leased vehicle is not an intended beneficiary of the Federal Motor Carrier Safety Act ("FMCSA").

For the reasons stated below, the Court concludes that the Plaintiff's motion for judgment on the pleadings should be granted because the statutory scheme has changed since the cited Sixth Circuit decision. The current regulatory scheme and the policy extends coverage for the protection of the public, not employees of the insured. The term "employee" under the policy defines "employee" to include leased employees. Mr. Underwood was a leased employee at the time of his death.

### A. Analysis of the Complaint

On August 5, 2010, Donald D. Underwood was operating a 1997 Volvo truck tractor owned by Defendant Littlefield and leased to Defendant Expeditor's Express, Inc. in connection with Expeditor's Express, Inc.'s business. Expeditor Express is a federally-authorized interstate motor

3

carrier. Mr. Underwood was transporting magazines in interstate commerce to a consignee in Atlanta, Georgia. During the course of his trip, Mr. Underwood was involved in a one-vehicle accident that occurred on Interstate 24 in Marion County, Tennessee. Due to a tire blowout, Mr. Underwood lost control of the 1997 Volvo truck tractor causing the vehicle to collide with a guardrail, cross over the guardrail and overturn into a ravine. The vehicle caught caught fire and Mr. Underwood died in the fire.

Plaintiff's Truckers Coverage issued an insurance policy to Expeditor's Express that provides express exclusions for bodily injury to an "employee".

> B. Exclusions
>
> This insurance does not apply to any of the following:
>
> * * *
>
> 4. Employee Indemnification And Employer's Liability
>
> "Bodily Injury" to:
>
> a. An "employee" of the "insured" arising out of an in the course of:
>
> (1) Employment by the "insured;" or
> (2) Performing the duties related to the conduct of the "insured's" business . . .

(Docket Entry No. 10-1 at 35, Gramercy Insurance Company Policy, Truckers Coverage Form). Plaintiff's policy further defines "employee" as follows:

> F. **"Employee" Includes a "leased worker." "Employee" does not include a "temporary worker[.]"**
>
> * * *
>
> I. **"Leased Worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the**

4

**conduct of your business.** "Leased worker" does not include a "temporary worker."

Id. at 43-44 (emphasis added). The purpose of Plaintiff's policy was provide protection to members of the public and excludes coverage for injury or death of Expeditor Express "employees":,

> Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo."

(Docket Entry No. 10-1, Gramercy Insurance Policy).

### B. Conclusions of Law

A motion for judgment in the pleadings is decided on the same standards as a Rule 12(b)(6) motion to dismiss. Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). In deciding a Rule 12(b)(6) motion to dismiss, the Court can grant the motion only if the complaint's allegation "raise a right to belief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). The Court "construe[s] the complaint in the light most favorable to the non-moving party, accept[s] the well-pled factual allegations as true, and determine[s] whether the moving party is entitled to judgment as a matter of law." Barany-Synder v. Weiner, 539 F.3d 327, 331 (6th Cir. 2008) (citation omitted). The motion may only be granted if "plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir.2000) (citations omitted). Yet, the Court is not required to accept legal conclusions or unwarranted factual inferences. See Weiner, 539 F.3d at 331.

Plaintiff contends that the plain language of the statutory framework governing the financial responsibilities of motor carriers operating in interstate commerce does not provide coverage for claims arising out of injuries sustained by an employee, including a leased employee. Thus, whether a regular employee or leased employee, Plaintiff contends that neither Mr. Underwood nor his death

5

is covered under its policy. Specifically, under 49 U.S.C. § 13906 and 49 C.F.R. § 387, motor operators operating in interstate commerce must maintain minimum levels of financial responsibility in the form of surety bonds, certificates of insurance, and/or other securities. Further, all policies of insurance issued to satisfy the motor carrier's financial responsibility requirement must have "'Endorsement(s) for Motor Carrier policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980' (Form MCS-90)." 49 C.F.R. § 387.7. Further, 49 C. F. R. § 387.15 illustrates the required MCS-90 endorsement. Form MCS-90 states, in pertinent part:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with sections 29 and 30 of the Motor Carrier Act of 1980 **and the rules and regulations of the Federal Motor Carrier Safety Administration.**

Id. (emphasis added).

Forty nine U.S.C. § 31132 defines "employee" for the context of operator of a commercial motor vehicle in interstate commerce as follows:

> "employee" means an operator of a commercial motor vehicle (including an independent contractor when operating a commercial motor vehicle), a mechanic, a freight handler, or an individual not an employer, who –
>
> (A) directly affects commercial motor vehicle safety in the course of employment; and
>
> (B) is not an employee of the United States Government, a State, or a political subdivision of a State acting in the course of the employment by the Government, a State, or a political subdivision of a State.

49 U.S.C. § 31132(2)(A)-(B). Further, 49 C.F.R. § 390.5 defines "employee" in the commercial motor vehicle context as follows:

> Employee means any individual, other than an employer, who is employed by an

6

employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a compact between States and approved by the Congress of the United States who is acting within the course of such employment.

With the plain language of the 49 U.S.C. § 31132 and 49 C.F.R. § 390.5, and given that Defendant Littlefield owned the truck Underwood was driving and that the truck was leased to Defendant Expeditor's Express while transporting magazines in interstate commerce to a consignee in Atlanta, Georgia, Plaintiff contends that Mr. Underwood was an "employee" at the time of his injury and death. Plaintiff asserts that because Plaintiff's insurance policy does not provide coverage for bodily injuries to "employees", including leased employees, Mr. Underwood's death is not covered under the insurance policy. Plaintiff further contends the endorsement for the motor carrier policies of insurance for public liability under Section 29 and 30 of Form MCS-90 to Plaintiff's policy also excludes coverage for injury to or death of "employees" in stating,

> Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo."

(Docket Entry No. 10-1, Gramercy Insurance Policy).

In response, Defendant Brown contends the pleadings in this action do not unequivocally establish that Mr. Underwood was an "employee," "independent contractor," "leased worker," or "temporary worker" of Expeditor's Express at the time of his death. Defendant Brown asserts the pleadings only establish that Mr. Underwood was "operating" the tractor at the time of the accident.

The undisputed facts are that Mr. Underwood was transporting magazines in interstate commerce by operating a 1997 Volvo truck tractor that Defendant Littlefield owned and leased to

7

Expeditor's Express, Inc. This lease was in connection with Expeditor's Express, Inc.'s business as a federally-authorized interstate motor carrier. Thus, the Court concludes that Mr. Underwood was an "employee" as defined under the terms of Plaintiff's policy.

Defendant Brown next contends the Sixth Circuit has expressly rejected Plaintiff's contention that drivers of leased vehicles are not intended beneficiaries of the FMCSA. In <u>Johnson v. S.O.S. Transport, Inc.</u>, 926 F.2d 516 (6th Cir. 1991), the Sixth Circuit addressed the application of the FMCSA in a wrongful death action in which a truck driver was killed while transporting a load of steel for the lessee of a commercial vehicle. <u>Id.</u> at 517. The Sixth Circuit reversed the district court's ruling, holding "we believe that the federal regulatory design extends protection to drivers of common carriers." <u>Id.</u> at 518. In <u>Johnson</u>, the plaintiff alleged that the defendant, a common carrier was regulated by the Interstate Commerce Commission and was negligent in the maintenance and inspection of the vehicle, causing the death of her son, the driver. <u>Id.</u> at 517. The <u>Johnson</u> defendant did not own any trucks and did not employ any drivers, <u>Id.</u> at 518, but leased equipment from others and the drivers were supplied by the lessors of the equipment. <u>Id.</u>

In reaching its conclusion that driver was an intended beneficiaries of the federal regulations, the Sixth Circuit stated:

> it is apparent from the language of 49 U.S.C. § 11107(a)(4) itself that Congress intended that carriers who use leased equipment would be subjected to the same requirements, safety or otherwise, to which they would be subjected in using equipment owned by them. The statute mandates that the lessee carrier assume control over the vehicle, and bear responsibility, as it would if it were the owner, for any defects in the vehicle or negligence in its operation. **Although the statute does not explicitly state to whom the lessee carrier must "be responsible," it also does not exclude operators from its protective coverage.**

<u>Id.</u> at 523. (emphasis added).

8

Johnson is the only controlling Sixth Circuit precedent that addresses this issue, but Johnson has limited applicability here. Johnson involved the legal relationship between the driver and the lessee-carrier, as the Sixth Circuit explained: "Although the statute does not explicitly state to whom the lessee carrier must 'be responsible,' **it also does not exclude operators from its protective coverage.**" Id. (emphasis added). Yet, here, unlike Johnson,[1] the issue is the scope of the policy, not the liability arising from the driver-lessee carrier relationship. Under state law, the clear language of the insurance policy controls. See Griffin v. Shelter Mut. Ins. Co., 18 S.W.3d 195, 200 (Tenn. 2000) (stating courts have "a duty to enforce insurance contracts 'according to their plain terms. Further, the language used must be taken and understood in its plain, ordinary and popular sense.'"). The plain language of Plaintiff's policy expressly excludes operators from its protective coverage. Although safety to drivers is also covered, 49 U.S.C § 31131(a)(2), the issue of insurance coverage or lack thereof for drivers is an issue of Expeditor's Express's and/or Littlefield's liability, if any, for Mr. Underwood's death. Thus, the Court concludes that under the legislative scheme covering common carriers engaged in interstate commerce, Mr. Underwood, as an operator of the truck was an "employee" of the Defendants Expeditor Express and/or Littlefield. Under the plain language of Plaintiff's policy, Mr. Underwood as an employee is not covered under Plaintiff's policy for his injuries and death.

For these reasons, the Court concludes that the Plaintiff's motion for judgment on the pleadings should be granted.

An appropriate Order is filed herewith.

---

[1] Moreover, Johnson does not address any insurance policy coverage and focuses on the liability arising from driver-lessee carrier relationship.

9

**ENTERED** this _16th_ day of July, 2013.

                                          WILLIAM J. HAYNES, JR.
                                          Chief Judge
                                          United States District Court.