## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 05, 2014

Ms. Grace E. Daniell

Mr. Steven Warren Keyt

          Re:  Case No. 13-6058, *Gramercy Insurance Company v. Expeditor's Express, Inc., et al*
                Originating Case No. : 3:12-cv-00509

Dear Counsel,

   The Court issued the enclosed (Order/Opinion) today in this case.

                                   Sincerely yours,

                                   s/Roy G. Ford
                                   Case Manager
                                   Direct Dial No. 513-564-7016

cc:  Mr. Keith Throckmorton

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0597n.06

Case No. 13-6058

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| GRAMERCY INSURANCE COMPANY, ) </br> ) </br>     Plaintiff-Appellee, ) </br> ) </br> v. ) </br> ) </br> EXPEDITOR'S EXPRESS, INC., et al., ) </br> ) </br>     Defendants, ) </br> ) </br> SHIRLEY A. BROWN, Administrator of the ) </br> Estate of Donald D. Underwood, ) </br> ) </br>     Defendant-Appellant. ) | **FILED** </br> Aug 05, 2014 </br> DEBORAH S. HUNT, Clerk </br></br> ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |

BEFORE: GIBBONS, SUTTON and WHITE, Circuit Judges.

SUTTON, Circuit Judge. After Donald Underwood died in a fire caused when the truck he was driving veered off the road and into a ditch, his estate sued several entities in state court, including Expeditor's Express, the company for whom he was driving the truck. Expeditor's Express asked Gramercy Insurance Company to defend the lawsuit and indemnify it against any judgment. In response, the insurance company filed this declaratory judgment action in federal court against Expeditor's Express and the estate over responsibility for coverage. The district court granted judgment in Gramercy Insurance's favor under Civil Rule 12(c), concluding that Gramercy's insurance policy did not apply because Underwood was an "employee" of

Expeditor's Express. We reverse. The pleadings do not establish (at this point in the case anyway) that Underwood was an employee of the company.

Expeditor's Express leased a 1997 Volvo truck tractor from William Littlefield. Donald Underwood in turn drove the truck from Tennessee to Georgia, transporting magazines for Expeditor's Express. As he drove along Interstate 24 in Tennessee, the truck suffered a flat, veered off the road, turned over, and caught fire. Underwood died in the accident, and his estate sued Expeditor's Express, Littlefield, and others in state court.

An insurance contract between Gramercy Insurance and Expeditor's Express provides liability coverage for Expeditor's Express's trucking business. The contract does not cover "bodily injury" to Expeditor's Express's "employee[s] . . . arising out of and in the course of . . . [e]mployment by" Expeditor's Express or "[p]erforming the duties related to the conduct of" Expeditor's Express's business. R.10-1 at 35. The exclusion applies "whether the insured may be liable as an employer or in any other capacity." *Id.* Under the contract, Gramercy Insurance thus had no duty to defend and indemnify Expeditor's Express against the estate's lawsuit if Underwood worked as an employee for the company when the accident occurred.

The contract defines employee to include a "leased worker": "a person leased to [Expeditor's Express] by a labor leasing firm under an agreement between [Expeditor's Express] and the labor leasing firm, to perform duties related to the conduct of [Expeditor's Express's] business." R.10-1 at 43–44. The term does not include a "temporary worker": "a person who is furnished to [Expeditor's Express] to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." R.10-1 at 43, 45.

Gramercy Insurance moved for judgment on the pleadings—what amounted to the complaint, the answer, and the insurance contract (filed as an exhibit to the complaint). To win,

2

Gramercy Insurance had to show that, after reading the complaint in the light most favorable to the estate and after accepting the estate's answer as true, the estate could "prove no set of facts in support of [its] claim that would entitle [it] to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). It did not meet that burden.

Underwood transported magazines from Tennessee to Georgia for Expeditor's Express in a truck owned by Littlefield and leased to Expeditor's Express. Was Underwood an employee at the time of the accident? Maybe; maybe not. Yes, he was driving a truck leased by Expeditor's Express that was carrying its magazines when the accident occurred. But, so far as the pleadings show, a friend could have recommended Underwood to fill in while he took a vacation or to help out with a late-summer surge in demand for trucking services. Nor is it clear whether an independent contractor is an "employee" under the contract, and Underwood (for all we know) could have worked for the company in that capacity. Because the uncontested facts do not answer the question central to this case one undisputed way or the other, the case cannot be resolved on the pleadings.

Attempting to overcome this problem, Gramercy Insurance invokes the Motor Carrier Act of 1980. The Act requires carriers (like Expeditor's Express) to carry a minimum level of liability insurance and permits companies (like Expeditor's Express) to exclude employees from insurance coverage. And it supplies a broad definition of employees that includes any "operator of a commercial motor vehicle" who "directly affects commercial motor vehicle safety in the course of employment" and is not a government employee. 49 U.S.C. § 31132(2)(A)–(B); *see also* 49 C.F.R. § 387.7.

Using an endorsement in the contract, Gramercy Insurance tries to get from point A (the contract's definition of employee, which Underwood might, but does not conclusively, meet) to

point B (the Act's definition of employee, which Underwood conclusively would meet). The endorsement "amend[s the contract] to assure compliance by the insured . . . with Sections 29 and 30 of the Motor Carrier Act of 1980 and the [relevant] rules and regulations." R.10-1 at 66. But this does not resolve the dispute. The most basic way in which it applies is this: Say Expeditor's Express started sending Vehicle X on runs but did not add Vehicle X to its policy. If the Act required Expeditor's Express to have insurance coverage for Vehicle X, the endorsement provides that coverage to fill up the gap between the contract and the Act's coverage requirements.

But the relevant language of the endorsement—"amend[s the contract] to assure compliance"—does not incorporate the Act's definition of employee into the contract. The endorsement instead acts as a form of extra insurance for the insurance contract. If the contract covers *less* than the Act requires, the endorsement amends the contract to comply with the Act. Yet here the contract covers *more* than the Act requires. The insurance contract uses a narrower definition of employee than the Act permits, so the contract covers more people (or excludes fewer people from coverage, take your pick). Nothing in the language of the endorsement suggests it operates to amend the more generous coverage in the insurance contract *down* to the minimum requirements of the Act.

*Consumers County Mutual Insurance Company v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362 (5th Cir. 2002), says nothing to the contrary. A trucking company's insurance contract excluded coverage for injuries to employees, but the contract did not define employees. *Id.* at 364 n.2. Satisfied "that [the parties drafted the contract] to comply with federal insurance requirements," it turned to the Act "to supply the definition of the term employee in the policy." *Id.* at 366. The decision nowhere suggests that the court would have reached the same result had

Case No. 13-6058
*Gramercy Ins. Co. v. Brown et al.*

the contract included a definition of employee—as this one does. *See id.* at 367; *see also Canal Indem. Co. v. Rapid Logistics, Inc.*, 514 F. App'x 474, 477–78 (5th Cir. 2013) (distinguishing *Consumers County Mutual Insurance Company* this way but deciding the case on other grounds).

For these reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.